**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| RUBEN CAVAZOS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Case No. 07-cv-1394 |
| vs. | § | |
| | § | DEMAND FOR JURY TRIAL |
| C.R. BARD, INC., and DAVOL INC., | § | |
| | § | |
| Defendants. | § | |
| | § | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT**
**C.R. BARD, INC., AND DEFENDANT DAVOL INC.**

Defendants C.R. Bard, Inc. ("Bard") and Davol Inc. ("Davol"), by and through their counsel, hereby file this answer to Plaintiff's Complaint as follows

**NATURE OF THE CASE**

1. Paragraph 1 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 1.

**JURISDICTION AND VENUE**

2. Defendants admit that Plaintiff's claims properly invoke the jurisdiction of this Court.

3. Defendants admit that Plaintiff's claims properly invoke the jurisdiction of this Court. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 3 of the Complaint and therefore deny the same.

**THE PARTIES**
**Plaintiff**

4. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 4 of the Complaint and therefore deny the same.

**Defendants**

5. Defendants deny the allegations contained in paragraph 5 of the Complaint. Answering further, Bard admits that it is a New Jersey corporation with its principal place of business at 730 Central Avenue, Murray Hill, New Jersey 07974.

6. Defendants deny the allegations contained in paragraph 6 of the Complaint. Answering further, Davol admits that it is a subsidiary of Bard organized under the laws of the State of Delaware with its principal place of business at 100 Sockanosset Crossroad, Cranston, Rhode Island.

**FACTUAL ALLEGATIONS**
**Plaintiff's Injuries**

7. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and therefore deny the same.

8. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and therefore deny the same.

9. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and therefore deny the same.

10. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and therefore deny the same.

**Defendants' Misconduct**

11. Bard denies each and every allegation contained in Paragraph 11. Davol admits that at various times it designed, manufactured, and marketed various hernia repair

products, including the Composix® Kugel® Hernia Patch, for use by prescribing physicians in accordance with its accompanying labeling information within the United States.

12. Paragraph 12 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 12.

13. Paragraph 13 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 13.

14. Paragraph 14 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 14.

15. Paragraph 15 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 15.

16. Paragraph 16 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 16.

17. Defendants deny each and every allegation contained in Paragraph 17 of the Complaint.

18. Paragraph 18 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 18.

19. Paragraph 19 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 19.

**FRAUDULENT CONCEALMENT AND DISCOVERY**

20. Paragraph 20 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 20.

21. Paragraph 21 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 21.

22. Paragraph 22 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 22.

**CLAIMS FOR RELIEF**
**First Claim (Negligence)**

23. Defendants incorporate their responses to the preceding paragraphs.

24. Bard denies each and every allegation contained in Paragraph 24. Davol admits that at various times it designed, manufactured, and marketed various hernia repair products, including the Composix® Kugel® Hernia Patch, for use by prescribing physicians in accordance with its accompanying labeling information within the United States. Davol states that it does not know what is meant by "introduced into the stream of commerce" beyond the meanings of "manufactured" and "marketed," which have been admitted.

25. Paragraph 25 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 25.

26. Paragraph 26 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 26.

27. Paragraph 27 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 27, including those allegations contained in subparagraphs "a" through "o."

28. Paragraph 28 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 28.

29. Paragraph 29 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 29.

30. Paragraph 30 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 30.

**Second Claim (Strict Liability: Failure to Warn)**

31. Defendants incorporate their responses to the preceding paragraphs.

32. Bard denies each and every allegation contained in Paragraph 32. Davol admits that at various times it designed, manufactured, and marketed various hernia repair products, including the Composix® Kugel® Hernia Patch, for use by prescribing physicians in

accordance with its accompanying labeling information within the United States. Davol states that it does not know what is meant by "introduced into the stream of commerce" beyond the meanings of "manufactured" and "marketed," which have been admitted. Davol denies each and every remaining allegation contained in Paragraph 32.

33. Paragraph 33 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 33.

34. Paragraph 34 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 34.

35. Paragraph 35 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 35.

36. Defendants deny each and every allegation contained in Paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 37.

**Third Claim (Strict Liability: Design Defect)**

38. Defendants incorporate their responses to the preceding paragraphs.

39. Bard denies each and every allegation contained in Paragraph 39. Davol admits that at various times it designed, manufactured, and marketed various hernia repair products, including the Composix® Kugel® Hernia Patch, for use by prescribing physicians in accordance with its accompanying labeling information within the United States. Davol states

that it does not know what is meant by "introduced into the stream of commerce" beyond the meanings of "manufactured" and "marketed," which have been admitted. Davol denies each and every remaining allegation contained in Paragraph 39.

40. Paragraph 40 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 40.

41. Paragraph 41 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 41.

42. Paragraph 42 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 42.

43. Paragraph 43 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 43.

44. Paragraph 44 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 44.

45. Paragraph 45 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 45.

**Fourth Claim (Breach of Implied Warranty)**

46. Defendants incorporate their responses to the preceding paragraphs.

47. Bard denies each and every allegation contained in Paragraph 47. Davol admits that at various times it designed, manufactured, and marketed various hernia repair products, including the Composix® Kugel® Hernia Patch, for use by prescribing physicians in accordance with its accompanying labeling information within the United States. Davol denies each and every remaining allegation contained in Paragraph 47.

48. Paragraph 48 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 48.

49. Paragraph 49 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 49.

## AFFIRMATIVE DEFENSES

50. The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

51. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar Plaintiffs' claims in whole or in part.

52. The doctrines contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar Plaintiffs' claims in whole or in part.

53. The doctrine of spoliation and the failure to properly preserve evidence necessary to the determination of the alleged claims bars them.

54. Applicable statutes of limitations, statutes of repose, and/or the doctrine of laches bar Plaintiff's claims in whole or in part.

55. Plaintiff's, or his agents', including his physicians', misuse or abnormal use of the product or failure to follow instructions bar the Plaintiff's claims in whole or in part.

56. If Plaintiff used a product sold by Defendants, then Plaintiff's claims are barred, in whole or in part, because Plaintiff assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

57. Any alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiff's alleged injuries.

58. If Plaintiff sustained any damages or injuries, then such damages and injuries were caused or contributed to by the acts, omissions or fault of Plaintiff, including contributory negligence, contributory fault, comparative fault; assumption of the risk, or failure to mitigate damages.

59. If Plaintiff used a product sold by Defendants, Plaintiff used the product for off-label purposes, which bars Plaintiff's claims.

60. The learned intermediary doctrine bars Plaintiff's claims.

61. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

62. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

63. Plaintiff's claims are preempted, in whole or in part, by applicable federal law.

64. Plaintiff's claims are barred, in whole or in part, because Plaintiff's injuries, if any, were the result of conduct of Plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to Plaintiff's pre-existing medical conditions.

65. If Plaintiff suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Defendants are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Defendants. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of Plaintiff's alleged injury or damages.

66. In the alternative, under applicable provisions of statutory or decisional law (including but not limited to Chapter 33 of the Texas Civil Practice & Remedies Code), Defendants are entitled to a comparative apportionment of fault, if any, relative to the other Defendants (and Cross-Defendants) and/or third parties. To the extent Defendants' liability exceeds their relative share of responsibility, Defendants are likewise entitled to a judgment against those parties herein for contribution and/or indemnity or a percentage reduction in accordance with the apportionment of their fault or liability or the fault or liability attributable to any other party or any person or entity, including the Plaintiff and any party, person, or entity who has settled with the Plaintiff. In the alternative, Defendants are entitled to a setoff or dollar-for-dollar credit for any such settlements and any amounts received by Plaintiff from any source whatsoever with respect to the injuries and damages at issue in this suit.

67. Defendants state that if Plaintiff sustained any damages or injuries, which is specifically denied, and such damages or injuries were caused by the acts, omissions or fault of

Plaintiff or others, for whose conduct Defendants are not responsible; accordingly, Defendants are entitled to an assessment of the relative degree of fault for all such persons and entities.

68. Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of Plaintiff's own idiosyncratic reactions.

69. Plaintiff failed to mitigate, which limits Plaintiff's damages, if any, in whole or in part.

70. Defendants have no legal relationship or privity with Plaintiff and owes no duty to Plaintiff by which liability could be attributed to it.

71. Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiff. If any such warranties were made, whether express or implied, which Defendants specifically deny, then Plaintiff failed to give notice of any breach thereof. Moreover, Defendants effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

72. Plaintiff's causes of action are barred in whole or in part by Plaintiff's own comparative negligence.

73. Plaintiff's recovery, if any, shall be reduced by those payments that Plaintiff received from collateral sources.

74. If Plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by Defendants' product.

75. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Defendants, there was no defect in said product that either caused or contributed to any injuries or damages that Plaintiff may have suffered, if any.

76. Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

WHEREFORE, Defendants C.R. Bard, Inc. and Davol Inc. demand judgment in their favor and against Plaintiff, dismissing Plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

**JURY TRIAL DEMAND**

PLEASE TAKE NOTICE that answering Defendants hereby demand a trial by jury as to all issues.

Dated: June 20, 2007

Respectfully submitted,

D. Mitchell McFarland
Attorney-In-Charge
State Bar No. 13597700
S.D. Tex. Bar No. 2379
Carrie Schadle
State Bar No. 24051618
**ATTORNEYS FOR DEFENDANT C.R. BARD, INC., AND DEFENDANT DAVOL INC.**

HARRISON, BETTIS, STAFF, McFARLAND, & WEEMS, L.L.P.
One Allen Center
500 Dallas, Suite 2600
Houston, Texas 77002
Phone: (713) 843-1900
Fax: (713) 843-1901
mcfarland@hbs-law.com

OF COUNSEL:
Kirby T. Griffis
Dana A. Gausepohl
Michael L. Junk
SPRIGGS & HOLLINGSWORTH
1350 I Street NW
Washington, DC 20005
Phone: (202) 898-5800
Fax: (202) 862-1639

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of June, 2007, a true and correct copy of the foregoing Answer and Affirmative Defenses of Defendant C.R. Bard, Inc. and Defendant Davol Inc. was served upon the following counsel in the manner provided below:

Christopher T. Kirchmer
PROVOST UMPHREY LAW FIRM, L.L.P.
P.O. Box 4905 Beaumont, TX 77704
(*electronic notice and certified mail*)

D. Mitchell McFarland